### STATE ex rel. VOYLES, Co. Atty., v PIERCE et al.

No. 7567—Opinion Filed May 29, 1917.

(166 Pac. 132.)

#### 1. Bail—Bond—Forfeitures—Judgment.

There is involved in the forfeiture of a bail bond the determination by the court

forfeiting tne bond that the defendant stood charged with a public offense, that the bond forfeited was executed to secure his release from custody pending his trial, or pending an appeal from a conviction, for said offense, and that the bond forfeited had been given in the particular case in which the defendant stood charged.

### 2. Same—Petition in Action on Bond.

A petition in an action to recover upon a forfeited bail bond, which bail bond fails to recite or describe the offense with which the defendant stood charged, is not demurrable because of such failure; the question raised by such demurrer having been adjudicated in entering judgment of forfeiture.

(Syllabus by Rummons, C.)

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by the State of Oklahoma, on the relation of Willard H. Voyles, County Attorney in and for Craig County, State of Oklahoma, against M. L. Pierce and others. There was a judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Willard H. Voyles, for plaintiff in error.

A. Scott Thompson, for defendants in error.

Opinion by RUMMONS, C. This is an action upon a bail bond given upon an appeal from the county court of Craig county to the Criminal Court of Appeals of the state of Oklahoma. The sureties upon the bond appeared and demurred to the petition of the plaintiff for the reason that said petition did not state facts sufficient to constitute a cause of action. The demurrer was by the court sustained, and, the plaintiff refusing to plead further, judgment was rendered for the defendants. Plaintiff excepted, and prosecutes this proceeding in error to reverse the judgment of the court below.

The petition sets out the conviction of the principal defendant, Pierce, a copy of the journal entry of judgment of conviction being attached, the fixing of the appeal bond, the filing and approval of said bond, a copy of said bond being attached as an exhibit, alleged that said defendant was released from custody under said bond pending said appeal, alleged that the Criminal Court of Appeals affirmed the judgment of the lower court, the spreading upon the records of the mandate of the Criminal Court of Appeals affirming said judgment, alleged default of appearance by said defendant Pierce, and the forfeiture by the court of his bond, a copy of the journal entry of forfeiture being attached as an exhibit, and alleged breach of said bond, and prays for judgment.

From the briefs of counsel for plaintiff and counsel for defendants it appears that the trial court sustained the demurrer for the reason that the bond was insufficient in that it does not recite or describe the offense with which the defendant stood charged, and it does not show a conviction for any public offense. Many cases are cited by the counsel for the defendants in support of the judgment of the trial court, but this question is no longer open in this jurisdiction. In the case of State ex rel. Hankins v. Holt, 42 Okla. 472, 141 Pac. 969, the second paragraph of the syllabus is as follows:

"The essential requirements in declaring a forfeiture of a bail bond are that the court should find as a fact that the bond had been executed in a particular case, and that there had been default in some one of the conditions written in the bond."

In the body of the opinion it is held that the fourth ground of the demurrer, which was, "Because it does not appear from the bond set out therein that the principal, Holt, was charged with an offense under the statutes of Oklahoma," could not be sustained. Commissioner Galbraith, who wrote the opinion of the court, saying:

"Likewise it appears that the fourth ground of demurrer is not well taken. The question urged under this ground cannot be raised by demurrer in this action in the district court. The principal was charged with an offense in the county court. He entered into a recognizance with his sureties for his appearance in that court to answer a criminal charge. He failed to appear at the time and place written in the bond, and that court adjudged that he had breached his bond, and entered a forfeiture thereon. The question adjudicated in entering that judgment of forfeiture cannot be retried in this action on the bond."

The conclusion reached by the court in the case cited is to the effect that involved in the forfeiture of the bond is the determination by the court that the defendant stood charged with a public offense, and that the bond forfeited had been executed to secure his release from custody pending his trial, or pending an appeal from a conviction, for said offense, and that the bond forfeited had been given in the particular case in which the defendant stood charged, and these facts, having been determined by the court, in entering the forfeiture of the bond, adversely to the defendant and his sureties, could not be again inquired into in a proceeding or action brought by the county attorney to recover upon said bond. Melton v. State, 46 Okla. 487, 149 Pac. 154.

The court below was therefore in error in sustaining the demurrer of the defendants to the petition, and its judgment should be reversed, and this cause remanded, with direc-

tions to the trial court to overrule said demurrer.

. By the Court: It is so ordered.