## DAVIS et al. v. STATE ex rel. HODGE.

No. 15770—Opinion Filed Sept. 15, 1925.

Rehearing Denied Nov. 10, 1925.

**1. Bail—Forfeiture of Bond—Requisite Findings.**

The essential requirements in declaring a forfeiture of a bail bond are that the court should find, as a fact, that the bond had been executed in a particular case and that there had been default in some one of the conditions written in the bond.

**2. Same—Defects in Bond—Validity.**

An appearance bond voluntarily entered into and upon which the principal has secured release from custody, is not rendered void by failure of the justice of the peace to state in his transcript the public offense charged against the principal, and constitutes no defense against either the liability of the sureties or the principal.

**3. Same—Judgment of Forfeiture—Collateral Attack.**

The judgment or order of the trial court in declaring a forfeiture of an appearance bond cannot be collaterally attacked in a subsequent action against the principal and sureties in the bond.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by the State ex rel. Hodge against B. T. Davis and others. Judgment for plaintiff, and defendants bring error. Affirmed.

J. A. Bass and Mathers & Coakley, for plaintiffs in error.

F. M. Dudley and John L. Hodge, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, the state of Oklahoma, on relation of the county attorney of Carter county, instituted this action, as plaintiff, against B. T. Davis, W. D. Davis, C. S. Davis and A. D. Davis, as defendants. The parties will be referred to as they appeared in the lower court.

The suit is on a forfeited bail bond given

by B. T. Davis, as principal, with the plaintiffs in error, W. D. Davis, C. S. Davis, and A. D. Davis, as sureties on July 23, 1923. The petition charged in substance that a preliminary complaint was filed against B. T. Davis, charging him with the crime of arson, and that on the 23rd day of July, 1923, he was bound over to the district court of Carter county, Okla., by a justice of the peace and his bond fixed at $5,000, which he made with the other defendants (plaintiffs in error herein), as sureties, whereby he was released from custody; that on October 12, 1923, his case was called in the district court, his presence being required for arraignment, and he failed to answer, whereupon his bond was, by the court, declared forfeited, and the county attorney instructed to file suit to recover the amount thereon; and prays for judgment in the sum of $5,000. The defendants in the lower court, sureties on the bond, W. D. Davis, C. S. Davis, and A. D. Davis, answered by general denial, and also denied that plaintiff's petition constituted any cause of action against them. At the close of the evidence on the part of the plaintiff, counsel for defendants demurred to the same, which demurrer was by the court overruled, whereupon counsel for defendants, on behalf of defendant A. D. Davis, moved the court for a peremptory judgment in his favor, which motion was by the court overruled and judgment rendered for the plaintiff. Counsel for defendants excepted to the judgment of the court, and gave notice of appeal, and the cause comes regularly before this court for review by petition in error and case-made attached.

For reversal of the judgment, the plaintiffs in error submit the following propositions: (1) That the evidence is not sufficient to support a judgment in favor of the state and against the defendants. (2) That the court was without jurisdiction to declare a forfeiture of the appearance bond sued on. The record discloses the introduction in evidence of the appearance bond sued upon; minutes on the appearance docket showing that: "On October 12, 1923, B. T. Davis bond forfeited; bench warrant issued; bond fixed at $7,500"; the clerk's minute book regarding criminal case No. 2261, State v. B. T. Davis et al., dated October 12, 1923, reciting: "Bond forfeited; bench warrant issued; bond set at $7,500"; judge's minutes on his bench docket concerning said criminal case as follows: "10-12-23. Bond forfeited of B. T. Davis; bench warrant ordered." The state also introduced in evidence the specific declaration of forfeiture of the bond sued upon, which contains the judge's signature, and is dated October 12, 1923; but bears an indorsement showing the same was filed by the clerk on January 5, 1924. It is contended that the evidence is insufficient to establish any liability of the sureties. The argument, as we understand it, is based upon the theory that before this action can be maintained on the appearance bond, it must appear that an order or judgment of the court declaring the forfeiture was spread upon the journal of the court; that if the state desired a judgment to be entered upon the minutes, it had a right to do so, but had not done so at the time the suit on the bond was instituted; and further, that the purported judgment of forfeiture was not filed by the clerk until January 5, 1924, after the issue was joined in the suit, although it is conceded the order of the court declaring the bond forfeited on October 12, 1923, is regular upon its face.

Section 2927, Comp. St. 1921, relative to procedure for forfeiting appearance bonds, is as follows:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court * * * may be lawfully required, * * * the court must direct the fact to be entered upon its minutes and the recognizance, bond or undertaking of bail * * * is and shall be thereupon declared forfeited. But, if at any time before the final adjournment of court, the defendant or his bail appear and satisfactorily excuse his negligence, the court may direct the forfeiture to be discharged, upon such terms as may be just. After the forfeiture, the county attorney must proceed with all due diligence by action against the bail upon the instrument so forfeited. * * *"

This section of the statute does not require the entering of a formal order upon the journal or record proper, but merely requires the court to direct the fact of the failure of the defendants to appear to be entered upon its minutes and then provides the bond "is and shall be thereupon declared forfeited."

In State v. Hines, 37 Okla. 198, 202, 131 Pac. 688, the court said:

"The bail bond was given for the appearance, not of the sureties, but of the principal. It was his absence that forfeited the bond. Having, without sufficient excuse, neglected to appear, the court, after having first called the defendant three times, declared forfeiture on the bond, and caused

the fact to be entered upon its minutes. This was all the statute providing for forfeiture of bail requires." Citing People v. Tidemarsh. 113 Ill. App. 153.

In State ex rel. Hankin v. Holt, 42 Okla. 472, 141 Pac. 969, the well settled rule is announced in the 3rd paragraph of the syllabus as follows:

"The judgment or order of the trial court in declaring a forfeiture of such bond cannot be collaterally attacked in a subsequent action against the principal and sureties in the bond."

Counsel for defendants state in their brief that:

"This court, in construing this statute, makes the formula by which a bond may be legally forfeited, and every surety on a bail bond has the right to know that this is done before he is called upon to pay out his money."

Numerous decisions of this court are cited in support of this proposition.

In Edwards v. State, 39 Okla. 605, 136 Pac. 577, cited by defendants, the court said:

"It will be observed that the statute does not require the court in declaring and entering a forfeiture on a bail bond to find the amount of the bond or to enter judgment for the amount thereof. The essential requirements are that the court should find, as a fact, that a certain bond had been given in a particular case, and that there has been default in some one of the conditions written in the bond. These are the essential facts that must be found and entered in order to declare a forfeiture."

We think the evidence introduced by the state was amply sufficient to comply with the statute providing for forfeiture of bail bonds and that the cases cited by defendants do not support the proposition contended for.

It is not contended, as we understand the argument of counsel for defendants, that the fact of forfeiture was not entered upon the court's minutes on October 12, 1923, or that the order of the court declaring the bond forfeited to the state according to the law and the terms of the bond was not made and signed by the district judge on the 12th day of October, 1923. The contention is that the court's order declaring forfeiture was not spread upon the journal of the court until January 5, 1924, which was subsequent to the commencement of this action upon the bond.

In Rheinhart v. State, 14 Kan. 318, the court said, speaking by Justice Brewer:

"The specific objection is that it does not contain a copy of the order of the court declaring the 1orfeiture, nor does it allege that such order was 'duly made.' Neither of these is necessary. * * * Nor is the forfeiture in any sense 'a part of the written instrument which is the foundation of the cause of action.' A recognizance is a separate and complete instrument. The forfeiture is an independent matter, and the evidence that the condition of the recognizance has been broken."

This case was cited with approval in the case of Shriver v. State, 32 Okla. 507, 122 Pac. 160, in which the court said:

"Defendants claimed that the court erred in not requiring plaintiff to set out a copy of the complaint in the district court, and to set out a copy of the order forfeiting the bond and a copy of the order of the district court attempting to continue the bond in force after the first appearance of the defendant. None of these was necessary."

If it is not necessary to plead a declaration or order of forfeiture, or to allege that such order was made, it cannot, we think, be said that the order of forfeiture made prior to the commencement of the suit on the bond would be inadmissible in evidence, because of the fact that the order was not filed by the clerk and entered upon the journal of the court until after the suit was instituted.

The second assignment upon which defendants rely, is that the court was without jurisdiction to declare the forfeiture. This contention is based upon the defective transcript of the justice of the peace who held the preliminary examination and took the bond sued upon. It is pointed out that the transcript fails to mention the offense which B. T. Davis was bound to answer. It is true the transcript is defective in this respect. It must, however, be borne in mind that under the bond sued upon the defendants bound themselves to have their principal, D. T. Davis, in the district court according to the terms of the bond, not upon condition that the proceedings of the magistrate were regular in all particulars, but to abide whatever order the court might make touching the charge of arson preferred against him.

The bond which the sureties voluntarily signed, and by virtue of which the defendant in the original case was released from custody, recited that the charge preferred against B. T. Davis was for the offense of arson. Conceding that the transcript is defective, the defendant in the original case, B. T. Davis, had he been present, could have raised the question of the defect in the

transcript or he could have waived it. Had he questioned the sufficiency of the transcript, it would have been the duty of the court to have required the justice to correct the same in respect to naming the offense charged against the original defendant, and to hold him until such correction had been made, and then proceed with the trial.

See Williams v. State, 6 Okla. Cr. 373; Harris v. State, 18 Okla. Cr. 470, 196 Pac. 354; Norwood v. State, 14 Okla. Cr. 637, 169 Pac. 656; and Bradshaw v. State, 16 Okla. Cr. 624, 185 Pac. 1102.

The defect complained of is confined to the transcript of the justice of the peace and not to any irregularity in the appearance bond upon which the action was founded.

In the case of Melton v. State, 46 Okla. 487, 149 Pac. 154, the court said:

"Defects in the bond, even though they go to the extent of making the bond voidable, or irregularities in the forfeiture, will be considered waived unless raised, as the statute prescribes, in the court taking the forfeiture, and at the term in which the forfeiture was made."

We find no merit in any of the contentions made by the plaintiffs in error, and the judgment of the trial court should be, we think, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. p. 1047, § 320 (Anno). (2) 6 C. J. p. 1060, § 340. (3) 6 C. J. pp. 1049, § 321; 1071, § 364.