716; 19 R. C. L. p. 817; 3 R. C. L. Supp. p. 976; '5 R. C. L. Supp. p. 1048. (3) 29 Cyc. p. 1174 (Anno). (4) 23 C. J. pp. 59 §1810; 142 §1965. (5) 28 Cyc. pp. 370 (Anno) 764, 765, anno. 18 A. L. R. 101; 29 A. L. R. 450; 34 A. L. R. 507. (6) 28 Cyc. p. 395. (7) 32 C. J. p. 329 §542. (8) 32 C. J. pp. 43 §22. 51 §30; anno. 7 A. L. R. 749. 26 A. L. R. 937; 20 R. C. L. p. 478; 3 R. C. L. Supp. p. 1079; 4 R. C. L. Supp. p. 1364; 5 R. C. L. Supp 1111. (9) 4 C. J. p. 900 §2869.

---

## MITCHELL v. CITY OF LAWTON.

No. 16612—Opinion Filed Dec. 14, 1926.

Rehearing Denied March 8, 1927.

1. **Licenses—Ordinance Regulating Occupation—Police Regulation as Distinguished from Revenue Measure.**

A city ordinance which has for its purpose the prevention of an offense, or protection of the public morals, safety, or welfare, or prescribes rules for carrying on an occupation or business in order to prevent injury to the public, is, in its nature, a police regulation, as distinguished from a revenue measure.

2. **Same—Police Regulation Rendered Void by Prescribing Excessive License Fee.**

Where such police regulation requires a license to do certain things, and the license fee prescribed is in excess of the expense of issuing the license and regulating the business or carrying into effect the regulation, such regulatory provision is unauthorized, illegal, and void.

3. **Bail—Violation of Void Ordinance no Crime.**

A criminal charge lodged against an individual for the violation of a void police regulation charges no offense; and a demurrer to such charge should be sustained and the defendant and his bondsmen discharged.

4. **Same—Forfeiture of Appeal Bond Reversed.**

Record examined and held. not to support the judgment appealed from; and that the judgment must be reversed, with directions.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Comanche County; P. G. Fullerton, Judge.

Action by the City of Lawton against W. W. Mitchell. From an order overruling

his motion to vacate an order forfeiting his appeal bond in the county court, the defendant appeals. Reversed.

L. M. Gensman, for plaintiff in error.

Owen Black, for defendant in error.

Opinion by SHACKELFORD, C. W. W. Mitchell was convicted in the municipal court of the city of Lawton of the offense of conducting a merchandise auction without a license. He appealed to the county court, and executed an appeal bond in the sum of $100, with A. H. Osborn and W. K. Miller as sureties thereon, conditioned that he personally appear before the county court of Comanche county on the first day of the next term of said court; and with the other conditions contained in the ordinary appeal bond. The defendant filed in the county court a demurrer to the complaint, the grounds of said demurrer being that the facts alleged in the camplaint do not constitute a public offense. The case was called for trial on December 16, 1924. The demurrer was first taken up and overruled; to which defendant excepted. Defendant Mitchell did not appear in person, but was represented by counsel, who announced ready for trial; but because of Mitchell's absence, the court declared it to be his intention to forfeit the appeal bond. Defendant's attorney moved for a continuance, stating that he could have defendant present within 12 hours. This motion was overruled, and the court entered an order forfeiting the appeal bond of the defendant, and instructed the city attorney to bring suit on the bond. Defendant excepted and later moved to set aside the forfeiture. A hearing was had upon this motion. At this hearing it was admitted or stipulated between the parties to the action that the court had formerly held that it was not necessary for defendants to be present at the trial in cases appealed from the city courts; and that the court tried various cases appealed from the city court in the absence of defendants between the 25th of November and the date of the trial of this case, and did so try one defendant on the same day this case was called. The court overruled the motion to vacate the order forfeiting the appeal bond. The defendant appeals to this court, and as grounds for reversal of the judgment of the lower court, presents the following:

"1. The court erred in overruling the demurrer to the complaint for the reason that the ordinance under which defendant was convicted is illegal and void.

"2. The court erred in not sustaining the motion to set aside the forfeiture of the bond.

"3. The court erred in overruling the motion of defendant for a continuance."

The first proposition raises the question of the validity of the ordinance under which the city of Lawton was proceeding in the prosecution of this defendant. It is elementary that the forfeiture of a bond in a case like the one at bar must, of necessity, involve a determination by the court that the defendant was charged with a public offense. State v. Pierce, 65 Okla. 212, 166 Pac. 132. If, therefore, it be determined that the ordinance is invalid, it follows that defendant could not be charged with a public offense under such ordinance, and the order overruling the demurrer to the complaint and forfeiting the bond was erroneous.

The ordinance under consideration provides in substance, that it shall be unlawful for any person, firm, or corporation to auction off, sell, or offer for sale at public auction any merchandise or articles such as are usually handled or sold by established merchants, dealers, and tradesmen in the city of Lawton, without having first obtained a license and paid a license fee of $10 for each day during which the auction is conducted, any part of a day during which such auction is conducted being considered a day. It is further provided that before taking out a license there must be executed to the city a bond in the sum of $500, conditioned that the applicant shall comply with the provisions of the ordinance, conduct the auction in an honorable manner without misrepresentation as to character, quality, or value of the articles offered for sale, and that he will hold harmless all patrons of such auction and make good any loss or damage that may be suffered; and that any person imposed upon shall have a right of action upon the bond. The penalty prescribed for violation of the ordinance is a fine in any sum not exceeding $20.

The defendant contends that the ordinance is void because it is discriminatory and provides a license fee that is unreasonable, unjust, prohibitive, confiscatory, and in restraint of trade. The defendant proceeds upon the theory that the ordinance is in the nature of a police regulation; while it is the contention of the plaintiff that it is a revenue measure.

The city of Lawton, having no specific charter, but operating under the general laws of the state relating to municipal corpora-

tions, had the power to levy and collect a license tax on auctioneers for the purpose of revenue. (Sec. 4556, Comp. Stat. 1921.) It also had authority to levy a license tax for the purpose of regulating the business of auctioneering as an exercise of the police power. It becomes necessary, therefore, for us to examine the ordinance in question for the purpose of determining whether it is an ordinance in the nature of a police regulation, or whether its purpose is the raising of revenue. This should be ascertained, if at all possible, from the language of the ordinance itself. It may be stated as a general rule, that an ordinance which tends towards the prevention of an offense, or has for its aim the protection of the public health, morals, safety, or welfare, or which attempts to prescribe rules for the carrying on of a certain occupation or business in order to prevent injury being done to the public, is a police regulation. A clear definition may be found in City of Tulsa v. Metropolitan Jewelry Co., 74 Okla. 107, 176 Pac. 956, where this court said:

"While the ordinance imposes a tax of $25 per day, or the sum of $7,825 per year, it nowhere attempts to protect any public interest or to defend against any public wrong. It shows upon its face that regulation is not its purpose, but that revenue is the aim in view. * * * If it is claimed that the ordinance is referable to the police power, the court must be able to see that it tends in some way toward the prevention of an offense or preservation of the peace, or of the public health, or morals, or safety or welfare. * * * Before this court would be authorized to sustain an ordinance of this character merely as coming within the pale of police powers, it must be able to see that its object to some degree tends toward the prevention of some offense or manifest evil, or has for its aim the protection of the public health, morals, safety, or welfare."

After an examination of the ordinance here involved, in the light of the definition of a "police regulation" as contained in the case from which we have quoted above, we are of the opinion that the ordinance is, in fact, a police regulation, and not a revenue measure. A condition precedent to the issuance of the license is, that the applicant shall execute and file with the city a bond in the sum of $500, conditioned that the auction shall be conducted in an honorable manner, without misrepresentation as to character, quality, or value of the goods; and that applicant shall hold harmless all patrons of such auction. The purpose of the provision as to the execution of the bond is, clearly,

to protect the public against injury and damage it might suffer by reason of false or fraudulent misrepresentations with reference to the merchandise which the person applying for the license proposed to sell at public auction. That is to say, it was for the purpose of protecting the "public safety or welfare." The plain language of the ordinance, to our minds, conclusively shows that it was the intention of the city legislators to regulate the business of auctioneering, in order to protect the public from imposition and injury. This being true, the ordinance was an exercise of the police power, or, was a police regulation.

We are not unmindful that it was held in City of Tulsa v. Metropolitan Jewelry Co., supra, that an ordinance which imposes a license tax greatly in excess of the probable amount necessary to issue the license, and inspect and regulate the business, is a revenue measure. But, in that case, the ordinance under consideration contained no provision which in the slightest degree tended to show that its purpose was the regulation of the business affected; as appears from the opinion in that case, where the court said:

"It seems that the payment of the money and the receipt of the license is all that is required under this act, and the licensee may pursue his business subject to no prescribed rules of conduct and under no guardian eye."

In the case at bar, however, one obtaining a license under the provisions of the ordinance in question does pursue his business subject to prescribed rules of conduct. He must act in accord with the conditions of the bond which he must execute before obtaining the license; and a violation of a condition of such bond renders him liable to anyone injured thereby. He must agree that he will not misrepresent the character, quality, or value of his merchandise, and that he will hold harmless all persons injured by reason of the auction, and make good any loss or damage they may suffer; and that the auction will be conducted in an honorable manner. All of these agreements are conditions of his bond, and a breach of any of them renders him liable in an action for damages by any person suffering injury by reason of such breach. This ordinance was, clearly, regulatory in its nature.

Where an ordinance is merely regulatory, the license fee charged must not exceed the expense of issuing the license and regulating the business. City of Tulsa v. Metropolitan Jewelry Co., supra; City of Muskogee v.

Wilkins, 73 Okla. 192, 175 Pac. 497; Taylor v. Pine Bluff, 34 Ark. 603. Since a police regulation is for the purpose of protecting the public from injury, and not for the purpose of raising revenue, it seems elementary that the license fee to be charged should not exceed the actual expense connected with tne carrying into effect of the provisions of the ordinance. In the case at bar the license fee prescribed was $10, and a license must be procured each day on which applicant does business. The cost of issuing this license could not exceed a few cents. The cost of inspecting and regulating the business was practically nothing since injured patrons were given a right of action upon the auctioneer's bond, which makes the ordinance self-executing so far as regulation of the business is concerned. Therefore, since the ordinance was regulatory in its nature, and since the license fee required was greatly in excess of the cost of issuance of the license and of regulating the business, we conclude that the ordinance was invalid and void. The ordinance being void, it follows that no prosecution could be legally conducted against one for its violation, and at the time the appeal bond herein was forfeited the defendant did not stand charged with a public offense. The demurrer to the complaint should have been sustained, and the defendant and his bondsmen discharged.

The order and judgment of the county court of Comanche county, denying defendant's motion to vacate the order forfeiting his appeal bond, is reversed and remanded with directions to vacate the order forfeiting said bond, and to sustain the demurrer to the complaint filed against the defendant, and to discharge the defendant and his bondsmen.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 212, §66, 19 R. C. L. p. 954; 3 R. C. L. Supp. p. 987; 6 R. C. L. Supp. p. 1151. (2) 37 C. J. pp. 190, 191, §41; 28 Cyc. p. 750. (3) 28 Cyc. pp. 776 (Anno), 807. (4) 17 C. J. p. 376, §3777 (Anno).