**WOODS v. STATE.**

No. 27089.    May 18, 1937.

Anglin & Stevenson and Vernon Roberts, for plaintiff in error.

Hill & Hill, Tom Huser, and Tom Biggers, for defendant in error.

CORN, J.  This appeal presents the question of the validity of an order forfeiting an appearance bond in a bastardy case. Other questions are presented, but in view of our holding on this question, it will not be necessary to discuss them.

The complaint in the case was filed July 25, 1931, and the defendant made and filed an appearance bond conditioned for his appearance for trial on the first day of the next term of court to answer the charge filed against him. The case was set for trial October 7, 1931, and the defendant appeared at the time ready for trial, but the case was continued until the following day.

The defendant appeared in court the next day ready for trial, but the cause was stricken from the assignment.

No further action was taken in the case until November 14, 1934, when there was entered upon the minutes of the clerk the following notation: "4649, State vs. Fred Woods, bond forfeited, bench warrant issued."

On January 30, 1935, suit was filed on the bond in the district court against Fred Woods and Emmett Woods, his father and bondsman. On July 22, 1935, the defendant Fred Woods filed petition in the county court in the original action to set aside the alleged forfeiture for the reason it was void. The county attorney on behalf of the state filed an answer to the petition. After a hearing the trial court refused to vacate said forfeiture. The parties will be referred to herein as they appeared in the trial court.

Section 2820, O. S. 1931, prescribes the procedure for forfeiting a bond, as follows:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. But, if at any time before the final adjournment of the court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. After the forfeiture, the county attorney must proceed with all due diligence, by action against the bail upon the instrument so forfeited. If money deposited instead of bail be so forfeited, the clerk of the court or other officer with whom it is deposited, must, immediately after the final adjournment of the court, pay over the money deposited to the county treasurer."

Strict compliance with the foregoing section of the statute requires, as a prerequisite to forfeiture, that the court or magistrate find that the defendant, without sufficient excuse, has neglected to appear according to the terms of the recognizance, etc., and requires that said fact be entered upon its minutes.

The general rule as to the requisites and sufficiency of an order of forfeiture stated in 6 C. J. 1047 is recognized and followed

in this jurisdiction, the same being as follows:

"The judgment or record of forfeiture should show every fact necessary to show the liability of the defendants, although great particularity therein is not required; but, if it is expressly provided by statute what the judgment or record should contain, a compliance therewith is essential. Thus the judgment or record of forfeiture need not specify the amount of the bond or recognizance, or state whether the accused was charged by information or indictment. Generally, however, the record or judgment should substantially describe the offense, and should show that the condition as to appearance has not been complied with, as that the accused was called at the time and place specified for his appearance, and that he failed to appear, and should so refer to and describe the recognizance that it may be sufficiently identified, although, where it incorrectly recites or describes the recognizance, it may be amended nunc pro tunc to conform thereto, and such amendment may be made after the term, or even after the sci. fa. has issued, and without serving notice on the principal of the intention to amend."

This same question was before this court in the case of Edwards v. State, 39 Okla. 605, 612, 136 P. 577, 580, and in its comment upon the statute this court observed:

"It will be observed that the statute does not require the court, in declaring and entering a forfeiture on a bail bond, to find the amount of the bond or to enter a judgment for the amount thereof. The essential requirements are that the court should find as a fact that a certain bond had been given in a particular case, and that there had been default in some one of the conditions written in the bond. These are the essential facts that must be found and entered in order to declare a forfeiture."

The only thing entered in this case is the notation on the minute record as follows: "4649—State vs. Fred Woods, bond forfeited, bench warrant issued." There is nothing in this notation to show that the bond was given by the defendant Fred Woods. Assuming that the bond was given by him, there is nothing in the record to show the purpose of giving said bond or that there was any breach in any of the conditions of the bond. The notation falls far short of the requirement of the statute.

It appears from the record that at all times during the pendency of the action the defendant resided within a few miles of the county seat and at no time departed the jurisdiction of the court; that the case was not continued on the application of the defendant, but without any showing upon the record, the case was indefinitely postponed and was not placed upon the docket for trial for a period of nearly three years after the same was continued at the first term following the filing of the complaint. The defendant testified that he thought the case had been dropped, since he had heard nothing more about it, and the defendant's attorney had forgotten that he had been employed in the case and failed to notify the defendant when the case was set for trial.

The judgment is reversed and remanded, with directions to the trial court to set aside the order of forfeiture.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur. RILEY, WELCH, and PHELPS, JJ., absent.