W. T. SELBY, Plaintiff in Error,

v.

STATE of Oklahoma ex rel. Tom J. AMIS, County Attorney of Lincoln County, Oklahoma, Defendant in Error.

No. 37,174.

Supreme Court of Oklahoma.

Oct. 16, 1956.

William A. Vassar and Joseph Young, Chandler, for plaintiff in error.

Tom J. Amis, Chandler, for defendant in error.

PER CURIAM.

This action was brought in the District Court of Lincoln County to recover the amount of the penalty fixed in an appearance bond executed by Clark Freeman as principal, and W. T. Selby, plaintiff in error, and others as sureties, payable to the State of Oklahoma, and conditioned for the appearance of the principal in the District Court of Lincoln County to answer to a felony charge there pending. The allegations of the petition, pertinent to the consideration here made, are that Freeman failed to appear on the date his case was set for trial and that "* * * an order was made and entered of record, declaring said bond to be forfeited, * * *". W. T. Selby, as a defendant, by answer admitted the execution of the bond, but denied all other allegations of the petition.

The case was tried before the court without a jury. The defendant, Selby, here plaintiff in error, appeals from the judgment of the trial court granting recovery against him for the amount of the penalty stated in the appearance bond. One assignment of error is that there was a failure of proof that the bond had been forfeited. In view of our holding on this consideration it will not be necessary to discuss other assignments of error.

The only evidence offered in support of the petition to establish the forfeiture of the bond was the appearance docket re-

flecting the entries made by the clerk of the court in the case in which Freeman, with others, was charged with the crime of second degree burglary. The entry therein pertaining to bond forfeiture as to Freeman reads:

"Clark Freeman having been called 3 times in open court and having failed to appear or answer, it is the order of this court that his bond be forfeited and a Bench Warrant be issued for Clark Freeman."

This document was admitted in evidence over the objection of the defendant W. T. Selby. Plaintiff then introduced the appearance bond in evidence and rested. However, after demurrer to the evidence was interposed by Selby and permission granted by the court to re-open plaintiff's case, other evidence was offered by plaintiff tending to establish that the case against Freeman had been set for trial and a notice mailed to Selby, but returned to the clerk unclaimed. Selby again demurred to the evidence and after the court overruled his demurrer offered no evidence. The trial court then rendered judgment.

The situation thus presents two questions: In the first instance, was there a burden on the plaintiff in the trial court as a prerequisite to recovery to establish a forfeiture of the bond? And, secondly, was the appearance docket competent evidence of, and alone sufficient, to establish the fact that the court had entered an order of forfeiture? Our conclusion, supported by former opinions of this court and the statutes of this State, is that the answer to the first question is in the affirmative, and to the second in the negative.

In Addington v. State, 172 Okl. 61, 44 P.2d 131, 133, we stated that the bond, together with the order of forfeiture, constituted the basis of the action, and that:

" * * * It necessarily follows and seems universally settled that a valid and final order of forfeiture must precede actions on the bond. * * * ".

We have clearly expressed our conclusions as to the essential requirements in declaring a forfeiture of bail bonds and the necessity of the finding by the court as to such to be entered in the records of the court. See State ex rel. Voyles v. Pierce, 65 Okl. 212, 166 P. 132; Woods v. State, 180 Okl. 118, 68 P.2d 103.

The defendant W. T. Selby having clearly, by answer, placed in issue the question of whether the forfeiture had in fact been entered by denial that such had been made and entered, the burden of establishing this prerequisite to recovery was upon the plaintiff. 12 O.S.1951 § 701 provides that:

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."

In Showalter v. Hampton, 122 Okl. 192, 253 P. 105, 107, we pointed out that the clerk of the court under the provisions of the statutes, 12 O.S.A. § 22, is required to enter the proceedings of the court upon the journal and since the clerk is so directed, " * * * it is the journal that must speak as to the actions of the court, and its contents must control, and upon its contents this court must rely." The distinction between minutes and entries by the clerk other than in the journal, and the journal as the record of the action of the court has been pointed out in several decisions by this court. See Harjo v. Johnston, 162 Okl. 153, 19 P.2d 961; Bigpond v. Davis, 121 Okl. 44, 247 P. 676; Davis v. State ex rel. Hodge, 112 Okl. 298, 240 P. 1069; Braniff v. Coffield, 199 Okl. 604, 190 P.2d 815. In Cockrell v. Schmitt, 20 Okl. 207, 94 P. 521, this court held that where the burden of proof is upon a party to prove a valid judgment and the only evidence offered to prove it was the appearance docket and a journal entry not entered in the court's records, such evidence is not sufficient to prove the judgment when made the basis of a claim in another action.

It is clear that the judgment of the trial court is not supported by the evidence.

Reversed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Crawford and approved by Commissioners Nease and Reed, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JACKSON and CARLILE, JJ., concur.

CORN and BLACKBIRD, JJ., dissent.