K. J. SCHWOERKE, Plaintiff in Error,

v.

STATE of Oklahoma ex rel. Murray F. GIB-BONS, County Attorney, McClain County, Oklahoma, Defendant in Error.

No. 39906.

Supreme Court of Oklahoma.

March 26, 1963.

Rehearing Denied April 23, 1963.

James E. Grigsby, Oklahoma City, for plaintiff in error.

Murray F. Gibbons, County Atty., Purcell, for defendant in error.

JOHNSON, Justice.

On March 16, 1959, Walter Arthur Cooper was charged in the County Court of McClain County, Oklahoma, with the offense of operating a motor vehicle while under the influence of intoxicating liquor. He pleaded not guilty, and his appearance bond was set at $1,000.00. The plaintiff in error signed the bond as surety, and Cooper was released from custody. Thereafter Cooper changed his plea to guilty, and July 3, 1959, was set for sentencing, and Cooper was permitted to remain free on the bond until that time. On July 3, 1959, Cooper failed to appear for sentencing, and the following entry was made on the *appearance docket.*

"7-3-59 CM: On this 3 day of July 1959 there comes on before the court pursuant to an order entered herein on March 25, 1959 the sentencing of said defendant, the State appeared by and through the Co. Atty., Deft. appeared not but made default, thereupon said deft. & his bondsmen were called 3 times in open court to appear, and thereby save his recognizance. He appeared not. Its ordered and adjudged that said deft. is in default. It is therefore ordered that said bond be forfeited and bench warrant forthwith issued."

There was no entry of the proceedings on the journal of the court. Thereafter on November 14, 1960, the defendant in error filed its petition in the District Court of McClain County, Oklahoma, seeking recovery against the plaintiff in error as surety on such appearance bond. It set forth the proceedings had in the county court, declaring the bond to be forfeited.

The answer of the defendant, plaintiff in error herein, contained a verified general denial and a plea of limitation.

Upon the issues thus joined, trial of the case to a jury was waived, and the court heard the case. It was stipulated that the defendant signed the bond. .

The Clerk of the District and County Court identified the County Court Criminal Court Appearance Docket wherein the minute above quoted appeared. This record was admitted in evidence over the objection of the defendant. The witness testified that this was the only record of the bond forfeiture in the Cooper case, and that there was no record in the journal of any kind. Her testimony on this point was as follows:

"Q  As Court Clerk, is it, as District Court Clerk, is it your duty to maintain a record of proceedings in civil cases, both in the District Court and County Court?

"A  Yes.

"Q  And do you maintain such records?

"A  Yes.

"Q  I want to call your attention to this volume and ask you to state what that is, please?

"A  The County Criminal Appearance Docket No. 6.

"Q  Referring to that docket, state whether or not there is a record there concerning the prosecution of criminal proceedings in the County Court against a party named Cooper?

"A  Walter Arthur Cooper, yes.

"Q  And that record was made by you or under your supervision?

"A  Yes.

"Q  And does it reflect a true and accurate record of what took place in the matter?

"A  Yes.

\*    \*    \*    \*    \*    \*

"Q  Is that the only record that you have in connection with the prosecution of Mr. Cooper, and in connection with the bail bond that was made by Mr. Schwoerke, is that the only record you have of the proceedings in the County Court?

"A  Yes, in County Criminal.

"Q  There is no record in your Journal of any kind?

"A  No, just in this book, itself."

There were other witnesses, but the fact of no entry in the journal is undisputed.

At the conclusion of the hearing, the court overruled the demurrer to the evidence presented by the defendant, and on June 2, 1961, entered judgment against the defendant for the full amount of the bond. The motion for a new trial of the defendant having been overruled, this appeal was perfected.

One of plaintiff's assignments of error is that the proof is insufficient to prove a forfeiture of the bond to establish liability upon him. With this contention we agree. We are of the opinion and hold that this case is controlled by the latest opinion of this court in the case of Selby v. State ex rel. Amis, Okl., 302 P.2d 775, wherein the syllabus by the court reads:

"In suit to recover on alleged forfeited bail bond where defendant specifically denies forfeiture, burden is upon plaintiff to establish by competent evidence that such forfeiture has been ordered and proper entry thereof made in the Journal of the court.

"Where burden is upon plaintiff under circumstances stated in paragraph one, entries made by the court clerk in appearance docket of case in which forfeiture is alleged to have been ordered are not alone sufficient to establish that bail bond has been forfeited."

The case at bar falls squarely within such ruling. Our holding on plaintiff's first contention renders it unnecessary to consider his second contention concerning the statute of limitation.

The judgment of the trial court is reversed with directions to vacate the judgment entered in said cause and to dismiss the action.

HALLEY, V. C. J., and WELCH, DAVISON, and BERRY, JJ., concur.

BLACKBIRD, C. J., and WILLIAMS, JACKSON and IRWIN, JJ., dissent.

JACKSON, Justice (dissenting).

The issue in this case is whether Selby v. State ex rel. Amis, Okl., 302 P.2d 775, should be overruled. The defendant in error herein, State ex rel. Gibbons, County Attorney, presents his case upon the proposition that the Selby case is in direct contravention of 22 O.S.1961 § 1108; that it ignores previous controlling decisions of this court, and should be overruled.

The plaintiff in error, Schwoerke, argues his case on appeal on two propositions: (1) that the state's cause of action is barred by limitations, and (2) that the state's *proof* of forfeiture is insufficient to prove a forfeiture of the bond. Since the majority does not discuss the question of limitations I will limit my remarks to the second proposition.

I am of the view that the state's proof of forfeiture is sufficient to prove that the bond was forfeited; that the Selby case should be overruled; and that we should then consider the plea of limitations.

22 O.S.1961 § 1108, provides in material part as follows:

"If * * * the defendant neglects to appear * * * for * * * trial or judgment, * * * the court must direct the fact to be *entered upon its minutes,* and the recognizance, bond or undertaking of bail, * * * *is* and shall be thereupon declared forfeited. * * *" (emphasis supplied)

In the instant case when Cooper failed to appear for sentencing the county judge dictated the following minute to the court clerk:

"On this 3 day of July 1959 there comes on before the court pursuant to an order entered herein on March 25, 1959, the sentencing of said defendant, the State appeared by and through the Co. Atty., Deft. appeared not but made default, thereupon said deft. his bondsmen were called 3 times in open court to appear, and thereby save his recognizance. He appeared not. Its ordered and adjudged that said deft. is in default. It is therefore ordered that said bond be forfeited and bench warrant forthwith issued."

In the action in the District Court for judgment on the bond the County Judge testified that he had familiarized himself with the entry upon the appearance docket and further testified:

"A. This is a minute of the Court as dictated by me to the Clerk or her deputy and written in my presence.

\*    \*    \*    \*    \*    \*

"A. This is the minute of the order of the Court made in this case, on this particular day and dictated by me to the Court Clerk or her deputy."

Section 1108, supra, provides that the court must direct the fact (of failure to appear) to be *"entered upon its minutes"*, and the bond *is* and shall be thereupon declared forfeited. The section contains no requirement that there be an *order* of forfeiture entered in the journal of the court. Indeed it is argued in this case that when a defendant fails to appear and the court directs this fact to be entered upon its minutes that the bond *is* forfeited under the plain language of the statute.

In the Selby case, now under attack, we held in the first and second paragraphs of the syllabus as follows:

"1. In suit to recover on alleged forfeited bail bond where defendant specifically denies forfeiture, burden is upon plaintiff to establish by competent evidence that such forfeiture has been ordered and *proper entry thereof made in the journal* of the court.·

"2. Where burden is upon plaintiff under circumstances stated in paragraph one, *entries made by the court clerk in appearance docket of case* in which

forfeiture is alleged to have been ordered *are not alone sufficient to establish that bail bond has been forfeited."* (emphasis supplied)

In the Selby case we relied upon 12 O.S. 1951, Secs. 22 and 701 (civil procedure statutes) and completely overlooked the special provisions of 22 O.S.1951 § 1108 (22 O.S. 1961 § 1108), supra, · which is the section under criminal procedure establishing procedures in bond forfeitures. Therein we also relied upon Harjo v. Johnston, 162 Okl. 153, 19 P.2d 961; Bigpond v. Davis, 121 Okl. 44, 247 P. 676; Braniff v. Coffield, 199 Okl. 604, 190 P.2d 815; and Cockrell v. Schmitt, 20 Okl. 207, 94 P. 521, all of which involved civil procedures but not bond forfeitures. Bond forfeitures cases cited or relied upon in the Selby case will be considered separately, in the following order: Addington v. State ex rel. Pruet, 172 Okl. 61, 44 P.2d 131; State ex rel. Voyles v. Pierce, 65 Okl. 212, 166 P. 132; Woods v. State, 180 Okl. 118, 68 P.2d 103; and Davis v. State ex rel. Hodge, 112 Okl. 298, 240 P. 1069.

In the Addington case we held in the third paragraph of the syllabus that "A *void* order forfeiting an appeal bond * * cannot support an action * * * on such bond, and such (void) order of forfeiture may be collaterally attacked." In that case the forfeiture, as distinguished from procedure, was absolutely void and its voidness appeared upon the face of the record and by decision of the Oklahoma Court of Criminal Appeals.

In State ex rel. Voyles, supra, the trial court sustained a demurrer to plaintiff's petition in its action upon the bond for the reason (1) the bond attached to the petition did not describe the offense with which the defendant stood charged, and (2) the petition did not allege a conviction for any public offense. In reversing the trial court we held in effect that there inheres in the forfeiture, as a matter of law, and fact, a determination that the defendant stood charged with a public offense; that the forfeited bond had been executed

to secure his release from custody pending trial or appeal; that the forfeited bond had been given in the particular case in which the defendant stood charged; and that a collateral attack could not be made upon the forfeiture in an action upon the bond.

In Woods v. State, supra, the appearance bond was made on or about July 25, 1931. The case was continued on October 7, and October 8, 1931, although the defendant was present and ready for trial. On November 13, 1934, there was entered upon the Clerk's minutes the following notation: "4946, State v. Fred Woods, bond forfeited, bench warrant issued." We pointed out that the Clerk's notation did not show that the bond was given by the defendant; nothing to show the purpose of giving the bond; and it did not show any breach of any of the conditions of the bond. We reversed the trial court and directed the trial court to "set aside the order of forfeiture." This reversal was not upon the ground that *a notation upon the minutes* was not acceptable, but because the minute as entered was not sufficiently full and complete and because of the further fact that the forfeiture was unjust and improper under the facts presented.

None of the foregoing cases support the rule announced in the Selby case.

Davis v. State ex rel. Hodge, 112 Okl. 298, 240 P. 1069, supra, is cited but not discussed in the Selby case. The Davis case is in point, is well considered, and should have been followed in the Selby case. Therein the action was upon a forfeited bail bond and in upholding the *proof* of forfeiture we said:

"* * * The record discloses the introduction in evidence of the appearance bond sued upon; minutes on the appearance docket showing that, 'on October 12, 1923, B. T. Davis bond forfeited, bench warrant issued, bond fixed at $7,500'; the clerk's minute book regarding case No. 2261, State v. B. T. Davis et al., dated October 12, 1923, reciting, 'Bond forfeited, bench warrant issued, bond set at $7,500'; judge's

minute on his bench docket concerning said criminal case is as follows: '10-12-23. Bond forfeited of B. T. Davis, bench warrant ordered.' The state also introduced in evidence the specific declaration of forfeiture of the bond sued upon, which contains the judge's signature, and is dated October 12, 1923, but bears an indorsement showing the same was filed by the clerk on January 5, 1924. * * * The argument, as we understand it, is based upon the theory that before this action can be maintained on the appearance bond it must appear that an order or judgment of the court declaring the forfeiture was spread upon the journal of the court; that, if the state desired a judgment to be entered upon the minutes, it had a right to do so, but had not done so at the time the suit on the bond was instituted; and, further, that the purported judgment of forfeiture was not filed by the clerk until January 5, 1924, after the issued was joined in the suit * *."

After quoting 22 O.S. 1961 § 1108 (Sec. 2927 C.S.1921), supra, we said:

"This section of the statute does not require the entering of a formal order upon the journal or record proper, but merely requires the court to direct the fact of the failure of the defendants to appear to be entered upon its minutes and then provides the bond 'is and shall be thereupon declared forfeited.' "

As supporting this conclusion we quoted from State v. Hines, 37 Okl. 193, 131 P. 688, in part, as follows:

" '* * * and caused the fact to be entered upon its minutes. This was all the statute providing for forfeiture of bail requires.' "

In the fifth paragraph of the syllabus in Whiteaker v. State, 31 Okl. 65, 119 P. 1003, we held:

"Where money is deposited in lieu of bail and the defendant fails to appear, it is only necessary, in order to declare a forfeiture, that the court should *direct the fact of the deposit, and of the defendant's neglect to appear, to be entered of record.* The forfeiture then follows as a matter of course." (emphasis supplied)

These cases (Davis v. State ex rel. Hodge; State v. Hines; and Whiteaker v. State) all construe 22 O.S.1961 § 1108, supra, and are in point. The Selby case does not notice Sec. 1108, supra, and the cases therein relied upon are not in point. It follows that the Selby case should be overruled and we should give our attention to appellant's plea of limitations.

I respectfully dissent.

I am authorized to state that WILLIAMS, J., concurs with the views herein expressed.

IRWIN, Justice (dissenting).

I concur in the views expressed in the dissenting opinion of Justice JACKSON as to the applicability in the case at bar of Title 22 O.S.1961 § 1108, and the overruling of Selby v. State ex rel. Amis, Okl., 302 P.2d 775. However, in my judgment, the rule of law as set forth by Justice JACKSON should not be applicable in the case at bar but be prospective only. My opinion is based upon the following reasons.

On the date the trial court entered the Order upon its minutes that the bond be forfeited, the rule of law announced in the case of Selby v. State ex rel. Amis, supra, was the applicable rule of law as announced by this Court. In that case we held:

"In suit to recover on alleged forfeited bail bond where defendant specifically denies forfeiture, burden is upon plaintiff to establish by competent evidence that such forfeiture has been ordered and proper entry thereof made in the journal of the court.

"Where burden is upon plaintiff under circumstances stated in paragraph one, entries made by the court clerk in appearance docket of case in which forfeiture is alleged to have been ordered

are not alone sufficient to establish that bail bond has been forfeited."

Under the above case, the evidence in the instant action would be insufficient to establish that the bail bond had been forfeited for the reason a proper entry of the forfeiture had not been made "in the journal of the court". If however, we overrule the Selby case and make it applicable in the case at bar the entry on the trial court's minutes was sufficient to establish that the bail bond had been forfeited. Under such procedure, plaintiff in error, would be deprived of his statutory rights under Title 22 O.S.1961 § 1108, which provides that, "But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just", and would also be deprived of his right of appeal if the trial court refused to "direct forfeiture to be discharged". In other words, under the Selby case, the proceedings in the instant action were not sufficient to establish the forfeiture of the bond and would not have been sufficient until entry of the forfeiture had been made "in the journal of the court". Therefore, to overrule the Selby case and make a different ruling applicable in the instant case would deprive plaintiff in error the right to appear and seek to have the forfeiture discharged and his right of appeal in case of an adverse ruling.

The forfeiture of a bond relates to procedural law and not to substantive law. In 21 C.J.S. Courts § 194, page 327, it is stated:

"* * * if the overruled decision is one dealing with procedural law or adjective law the effect of the subsequent overruling decision is prospective only; but if the overruled decision is one dealing with substantive law the effect of the subsequent overruling decision is retroactive."

See also Curtis v. Barby, Okl., 366 P.2d 616.

For the foregoing reasons, I dissent to the opinion promulgated by a majority of my associates and concur in the views expressed by Justice JACKSON, except however, I think such rule should be prospective only.

I am authorized to state that WILLIAMS, J., concurs in the views herein expressed.