Robert J. SCHOLTES and Maryland National Insurance Company, a Maryland Corporation, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. David HALL, County Attorney of Tulsa County, Oklahoma, Defendant in Error.

No. 41531.

Supreme Court of Oklahoma.

Sept. 20, 1966.

Rehearing Denied Nov. 22, 1966.

Gordon L. Patten, Tulsa, for plaintiff in error.

Ted Flanagan, Asst. County Atty. of Tulsa County, for defendant in error.

JACKSON, Vice Chief Justice.

This is an appeal from a judgment for plaintiff and order overruling defendant's motion for new trial in an action upon a forfeited bond.

In the briefs in this court, defendant Maryland National Insurance Company, surety on the bond, argues two propositions.

The first is that the plaintiff's evidence was insufficient to prove that the appearance bond had been forfeited. The argument under this proposition is based upon the premise that the journal of the court, showing the order forfeiting the appearance bond, was not introduced in evidence. The record before us conclusively shows that this premise is false and that the journal, after being properly identified by the Chief Deputy Court Clerk, was introduced in evidence, and without objection. Such being the case, Selby v. State ex rel. Amis, Okl., 302 P.2d 775, and Schwoerke v. State ex rel. Gibbons, Okl., 380 P. 2d 970, cited by defendant, are not in point, and this proposition is without merit.

The second proposition is that because, in the criminal case, the County Attorney filed an amended information without leave of court after the appearance bond had been made and after defendant in the criminal case had pleaded to the original information, the defendant in the instant case, surety on the bond, is relieved of liability.

The argument under this proposition is summarized in the following language from defendant's brief in this court:

"It is the contention of this writer that after the Defendant was arraigned on the 12th day of August, 1964, and his bond was made, that an amended information was filed on the 23rd day of November, 1964, and that the bond was then forfeited on the 9th day of December, 1964, after the amended information was filed. By filing this amended informa-

tion without leave of Court, this relieved the Defendant from any further responsibility * * *.

" * * * The point being made by this writer is that there was never permission by the Court to file an amended information after arraignment, and, therefore, since permission was not given, the surety on said bond would be exonerated, the same as if the Defendant. That filing the amended information is in truth and in fact a nullity, and that same being void, the forfeiture would be void also * * *."

■ The record before us does not support this argument. It does not show that the amended information was filed without leave of court, nor whether the amendment was as to substance or form. The only proceedings from the criminal case introduced in evidence in the instant case were the appearance docket, the bond, and the order forfeiting the bond. These exhibits do not show that the information was amended without leave of court. The only witness, the Chief Deputy Court Clerk of Tulsa County, did not testify that the information was amended without leave. It is not argued that the order forfeiting the bond was void for any other reason.

■ In a suit by the state to recover against the surety on an appearance bond given in a criminal action, the validity of the order forfeiting the bond may be put in issue, but unless such order of forfeiture be void it must survive a collateral attack. Addington v. State, ex rel. Pruet, 172 Okl. 61, 44 P.2d 131.

Our attention is invited to Lowe v. State, 7 Okl.Cr. 32, 121 P. 793; Robards v. State, 37 Okl.Cr. 371, 259 P. 166; Cox v. State, 9 Okl.Cr. 378, 131 P. 1109; Adams v. State, 21 Okl.Cr. 448, 209 P. 189; and 22 O.S. 1961, Secs. 304 and 509. We have carefully examined these authorities and have not found them to be of great help in solving the present problem.

The judgment of the trial court is affirmed.