Dunning *et al. v.* Seward.

---

No. 9888.

## DUNNING ET AL. *v.* SEWARD.

SUBROGATION.— *Judgment.— Partition.—Sheriff's Sale.— Costs.— Res Adjudicata.*—A decree was obtained making real estate conveyed by an ancestor subject to the payment of certain judgments against him; on the same day a partition of the same lands was had between the widow and heirs of the judgment debtor, and it was agreed by all the parties that the proceeds of such sale (not including one-third reserved for the widow) be applied first, $281 to the widow, to make up balance of her $500 under the statute, and next to the payment of the judgments. A commissioner made sale, but the court refused to enforce the agreement by applying the purchase-money on the judgments. Thereupon the lands were sold by the sheriff to satisfy the judgments, and the purchaser at the partition sale was compelled to purchase for his protection.

*Held,* that the purchaser had a right to be reimbursed for the amount paid upon his purchase from the sheriff out of the proceeds of the partition sale.

*Held,* also, that, in a suit by the purchaser against the widow and infant heirs to obtain such subrogation, they having made defence, it was not error to render judgment for costs against them.

*Held,* also, that an answer in such case, averring a former decision against the plaintiff, on a motion for the same relief in the partition case, and disclosing that there is no record of the decision, is bad on demurrer.

From the Switzerland Circuit Court.

*W. D. Ward* and *T. Livings,* for appellants.

*J. D. Works* and *J. A. Works,* for appellee.

FRANKLIN, C.—This was a suit by appellee against appellants to set aside a certain sale of real estate made by a commissioner in partition proceedings, or to subject appellants' interest in the proceeds of the sale to the payment of a judgment lien existing at and before the date of sale.

The complaint alleges that on the 23d day of March, 1875, the National Bank of Rising Sun, Indiana, recovered two judgments in the Switzerland Circuit Court, one for $238, and the other for $1,064.23, with costs of both suits, against Mortimer Dunning and others; that on the 25th day of March, 1875, Mortimer Dunning died, leaving appellants Frances Dunning, his widow, and Aldridge, Josiah and Mortimer, his children; that on the 30th day of December, 1873, said deceased owned real estate in Ohio county and said Switzerland county, in said State; that on said day he conveyed said real estate to said Aldridge and Josiah Dunning, his wife not joining in said conveyance; that on the 25th day of October, 1875, transcripts of said judgments were filed in the clerk's office of said Ohio Circuit Court, and were duly recorded in the judgment docket thereof; that afterwards, by a proceeding had in the said Switzerland Circuit Court, on the 19th day of January, 1878, said judgments were revived, and the deed made by said deceased to said appellants was declared void and set aside as fraudulent against creditors, and the land was decreed subject to, and ordered to be sold for the payment of, said judgments, which then amounted to $1,671.24, and the costs amounted to $300; that on the 7th day of March, 1877, the widow, said Frances Dunning, brought her suit in the same court for the partition

of said lands; that both suits were pending in said court at the same time, and that said judgments were liens upon eleven-fifteenths of said real estate; that the said Frances was the administratrix of the estate of said deceased, and that his personal estate only amounted to $219, which was taken by the widow, and that he was not at the time of his death the owner or possessed of any other estate, real or personal; that at the time of the trial of said suit to set aside said deed and subject the interest of the heirs to the payment of said judgments, it was agreed between said national bank and said Frances, with the knowledge and consent of the other defendants, Aldridge, Josiah and Mortimer Dunning, that if the said national bank would allow the defendant Frances the sum of $281, to make up her $500, as widow, out of that part of said real estate, subject to the payment of said judgments, a judgment might go in favor of said bank, setting aside said deed as fraudulent, and ordering the sale of the undivided eleven-fifteenths of said real estate to satisfy said judgments, and that judgment might go in the partition suit, and that sale should be made of the said real estate under the partition proceedings, and that the said national bank should become the purchaser and pay to the said Frances her share of the purchase-money and the said sum of $281 in addition, and that the balance of said purchase-money should, when paid into court, be applied to the satisfaction of said judgments, and the judgments in both cases were so entered up in pursuance of said agreement, and that the defendant Solomon K. Kittle was appointed in pursuance thereof, to make the sale of said real estate, and that he was fully informed of said agreement and arrangement as to the proceeds of said sale, and fully understood the same; that the plaintiff herein was then president of said bank, and was fully informed of and understood said agreement; that said commissioner, after having given due notice, on the 29th day of July, 1878, sold said real estate; that the plaintiff, acting

for said bank, purchased said real estate for said bank, for
the sum of $2,065, which was the full value of said real
estate, that he paid to said commissioner the first instalment
thereof, $688.33; that after said purchase it was agreed be-
tween him and the bank that he should take said real estate
and pay the purchase-money himself, the judgments to be
paid out of the purchase-money, and said commissioner re-
ported the plaintiff as the purchaser, and he paid the first in-
stalment of the purchase-money into court for distribution;
that the court refused to recognize the agreement so made,
and ordered that the whole of said instalment so paid into
court to be paid to the parties in said partition proceedings,
leaving said real estate in the hands of this plaintiff subject
to the payment of said bank judgments, which amounted at
the time to over $2,000; that since said time said bank has
caused executions to issue on said judgments, and has forced
the sale of the undivided eleven-fifteenths of said real estate,
and the plaintiff was compelled to buy the same in and pay
therefor the sum of $1,260, or lose all that he had paid on the
sale under the partition proceedings; that after he so pur-
chased under the partition proceedings, and before he learned
that no part of the purchase-money would be applied on the
payment of said judgments, he made lasting and valuable im-
provements on said real estate, amounting in value to $500;
that if he had not been informed of the arrangement made,
as above set forth, for the application of the purchase-money,
and had not believed the same would be carried out, he would
not have purchased said real estate; that the defendants are
wholly insolvent, and he can not recover back the money
which he has paid. Prayer that the commissioner's sale be
set aside, or that the interest of the heirs in the undistributed
purchase-money be applied to reimburse him for the money
so paid out on said bank judgments, and for general relief.

To this complaint the defendants filed separate demurrers,
which were overruled. They then filed a joint general de-

nial and separate special answers, the minors Josiah and Mortimer Dunning appearing by a guardian *ad litem.*

A demurrer was sustained to the third paragraph of the guardian *ad litem's* answer.

Issues were formed and there was a trial by the court. At the request of the defendants, the court specially found the facts and stated its conclusions of law. The findings are full and specific, and are too long to copy in this opinion.

The conclusions of law are as follows:

"1st. That the agreement made that the purchase-money under the partition proceedings should be applied to the payment of the bank judgments, was not binding on the defendants Aldridge Dunning, Josiah Dunning and Mortimer Dunning.

"2d. That the judgments of the bank were liens on the real estate described in the complaint at the time plaintiff purchased at the partition sale.

"3d. That the plaintiff is entitled to be subrogated to the rights of the said national bank of Rising Sun, Indiana, and to have the shares of the defendants Aldridge Dunning, Josiah Dunning and Mortimer Dunning of the purchase-money yet due from the plaintiff applied to the payment of the amount paid by him on said judgments through the sheriff's sale."

The defendants Aldridge, Josiah and Mortimer, by their guardian *ad litem,* excepted to the conclusions of law, and judgment was rendered for the plaintiff.

The defendant Frances moved to modify the judgment so as not to render it against her for any costs except those made by her. The guardian *ad litem* moved the court to so modify the judgment that there should be no judgment against the minors for costs; both of which motions were overruled by the court.

The errors assigned on behalf of Frances are:

1st. Overruling the demurrer to the complaint.

2d. Overruling the motion to modify the judgment as to costs.

The errors assigned by the guardian *ad litem*, on behalf of the minors, are:

1st. Overruling the demurrer to the complaint.

2d. Sustaining the demurrer to the third paragraph of their answer.

3d. In the conclusions of law on the special findings.

4th. In rendering judgment against them for costs.

The first objection to the complaint is that it does not state facts sufficient to show that the judgments ever became liens upon the Ohio county lands; that Mortimer Dunning, Sr., had been dead some months before the transcripts of the judgments were filed and recorded in the clerk's office of said county; that the title to the lands had before that time passed to the heirs, and no lien could attach by the subsequent filing of the transcript. And in support thereof we are referred to the case of *Hankins* v. *Kimball*, 57 Ind. 42. It is true, as is held in that case and some other cases, that upon the death of the ancestor the title to his realty passes to his heirs where there is no will; and when they are present, as against the administrator, they have a right to possession, but their ownership is subject to the debts of the ancestor, and the administrator can sell the realty for the payment of such debts. Whether the filing of the transcripts created a lien upon the lands in Ohio county, we think immaterial, for the reason that the decree of the court in the proceedings setting aside the deed as fraudulent, reviving the judgments, declaring the lands subject to the payment of the judgments, and ordering them sold for that purpose, created a specific lien and an encumbrance upon the lands in Ohio county as well as that in Switzerland county, and the sale thereunder was not required to be made by the administrator. We do not think this judgment and decree is void, and this objection to the complaint is not well founded.

It is claimed, and insisted upon, that the complaint does not show a valid agreement with the minors, and that any consideration passed to them for the agreement. The complaint does not show that any of the defendants were minors,

and it is not necessary to show that any consideration passed to them; if anything of value passed from the plaintiff, that might be a sufficient consideration for the agreement. The complaint alleges that the agreement was made between the bank and Frances, with the knowledge and consent of Josiah, Aldridge and Mortimer Dunning, by which agreement the bank was to pay to Frances $281. This is a sufficient consideration for the agreement.

It is further objected that the circuit court of Switzerland county had no jurisdiction over the lands in Ohio county. We understand the complaint to allege that a part of the lands in controversy lie in Switzerland county and a part in Ohio county. The part in Switzerland county gives the circuit court of that county jurisdiction over the whole. There is no error in overruling the demurrers to the complaint.

The 2d specification of errors by Josiah and Mortimer Dunning was sustaining the demurrer to the third paragraph of their answer. This paragraph of the answer attempted to plead *res adjudicata,* by averring that the plaintiff had theretofore commenced a certain proceeding by motion or complaint on the — day of ——, 1879, in the Switzerland Circuit Court, to have said court to declare whether said commissioner's sale was valid, or whether or no the plaintiff would obtain a good title if he should pay the balance of the purchase-money, and, if he will not, that said sale be set aside, and that the purchase-money paid by him be ordered to be paid back, and that he recover for improvements and taxes made and paid by him on the land; but if said sale is valid, that said agreement be enforced, and that the part of the purchase-money coming to Josiah, Aldridge and Mortimer. Dunning be applied to the payment of said judgments, and that the money be distributed according to the rights of the several parties; that the clerk be enjoined from paying out the money to the heirs, and the commissioner be enjoined from collecting any more of it; that demurrers were filed by the several parties defendants, which were sustained by the court,

and judgment was rendered, ordering said money to be divided among the heirs; that said complaint has been lost, and that no record exists of the filing of said complaint or motion, the filing of the demurrers thereto, or the action of the court thereon—nothing but the final order of the distribution of the money; and concluded by asking for a *nunc pro tunc* entry, making a record of the same.

This is entirely insufficient to procure a *nunc pro tunc* entry. There is nothing shown to amend by, and it can not amount to an answer of *res adjudicata,* there being no record whatever to sustain it. There was no error in sustaining the demurrer to it.

As to the conclusions of law, there is no necessity for discussing the question as to whether the minors are bound by the agreement. The court determined that question in favor of appellants, and the agreement need only be considered in connection with the fact that the appellee acted in good faith and has an equity in being protected against having to pay the value of the land twice; when only one payment was equitably due.

The principal question discussed arises upon the exceptions to the conclusions of law, which state that the judgments were liens upon the land, and the plaintiff having purchased at a sheriff's sale, under the judgments, is subrogated to the rights of the judgment lien holder, and entitled to be indemnified out of the proceeds of the commissioner's sale for the money he paid at the sheriff's sale.

A specific lien was declared by the court upon the lands in Ohio county, as well as upon the lands in Switzerland county, and they were all ordered to be sold for the payment of the judgments. The trouble was created by the commissioner selling the heirs' interest in the land on the partition proceedings, instead of the sheriff selling the interest of the estate in the lands, upon the specific order of the court, for the payment of the judgments. But, although it was sold in the partition proceedings, it is very evident that it was sold

by the commissioner and purchased by the bank, for the purpose of applying the proceeds, in part, to the payment of the judgments.

The heirs held the land subject to the payment of these judgments, and have no equitable right to the proceeds of the sale, until these judgments have been paid. If the land had been sold by the administratrix for the purpose of paying the debts of the deceased generally, or these judgments in particular, they would have been required to be paid before any portion of the proceeds would be going to the heirs. And they, having received their share of the first instalment, we do not think that they have any equitable right to complain at appellee's being indemnified out of the remainder of the proceeds of the sale for the money he was compelled to pay on said judgments.

A party who purchases land at a sheriff's sale is subrogated to all the rights of the judgment creditor. *Seller* v. *Lingerman*, 24 Ind. 264. See petition for a rehearing.

The case of *Spray* v. *Rodman*, 43 Ind. 225, is similar in some respects to the one under consideration. That was a proceeding in partition; the land, not being divisible, was sold, and the purchaser paid the commissioner the full value of the land, without any knowledge of certain judgment liens, which judgments he was afterwards compelled to pay to protect his title. It was held that, the land having been converted into money, the rights of the parties to the money should be the same as they were in the land, and that the purchaser who had paid off the judgments was entitled to be subrogated to the rights in such money of the distributees thereof, who should have paid such judgments, and to receive from such commissioner, out of such distributees' shares, the amount paid to satisfy said judgments. Where one pays a debt which could not properly be called his own, but which it was his interest to pay, or which he might have been compelled to pay for another, the law subrogates him to all the rights of the creditor. In that case, it was said the

purchaser had no knowledge of the existence of the judg-
ments. In this case the purchase was made under an under-
stood agreement that enough of the purchase-money was to
be applied in payment of the judgments, and presents equally
as strong, if not stronger, equities in favor of this purchaser.
And, in support of this equitable right of subrogation, we
cite the following cases: *Hawkins* v. *Miller*, 26 Ind. 173;
*Troost* v. *Davis*, 31 Ind. 34; *Muir* v. *Berkshire*, 52 Ind. 149;
*Hoffman* v. *Risk*, 58 Ind. 113; *Manford* v. *Firth*, 68 Ind. 83;
*Lowrey* v. *Byers*, 80 Ind. 443; *Stout* v. *Duncan*, 87 Ind. 383.

Appellee purchased the land at the commissioner's sale,
agreeing to pay its full value, and has paid one-third of his bid.
Appellants Aldridge, Josiah and Mortimer have received
their shares of that payment. Appellee has been compelled
to pay $1,260 on the judgments, which were encumbrances
upon the land, in order to protect his title. The heirs have
no equitable claim on any further payments, until appellee
has been repaid the amount so paid on said judgments. We
think that he should be subrogated to the rights of said
judgment creditor, and the commissioner be required to settle
with him accordingly. There was no error in the courts
overruling appellant's exceptions to the conclusions of law.

The last specification of error by Frances is, for overruling
her motion to so modify the judgment as not to adjudge
against her any more costs than she had made. The last
specification of error by appellants Aldridge, Josiah and
Mortimer also is, the overruling of their motion to so modify
the judgment as not to render any personal judgment against
them for costs.

The defendants jointly filed an answer in denial, and the
minors, by their guardian *ad litem*, filed a separate and an
additional paragraph of answer.

There was no separate issue tried and found in favor of
appellant Frances, upon which the plaintiff could be held
liable for any of the costs.

The defendants jointly contested the questions in issue

throughout the trial, and we see no sufficient reason why the ordinary judgment for costs should not be rendered against all of them.

There was no error in overruling these motions to modify the judgment in relation to costs.

We find no error in this record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, with costs.