### *Ex parte* STEVENSON.

No. 73. Opinion Filed March 25, 1908.

(94 Pac. 1071.)

1. JUDGMENT—Res Judicata—Burden of Proof. The burden of proof rests upon a party who alleges a former adjudication.

2. SAME—Record—Evidence—Necessity. The record entry of a judgment is indispensable to prove the evidence of it when it is made the basis of a claim or defense in another court.

3. HABEAS CORPUS—Hearing—Evidence—Insufficiency. Where a person in custody alleges in his petition for writ of habeas corpus in the Supreme Court, that another court of competent jurisdiction has made an order granting him bail after indictment for a capital offense, and the evidence on the hearing shows that no such order was ever entered of record in the office of the clerk of the court alleged to have granted the same, there is a failure of proof on the part of the petitioner to establish the existence of such order, and his application for the writ should be denied.

(Syllabus by the Court.)

Application of James Stevenson for writ of *habeas corpus.* denied.

*Pruiett, Cardwell & Sniggs* and *Yerker E. Taylor,* for petitioner.

*Charles West, Atty. Gen., W. C. Reeves, Asst. Atty. Gen.,* and *R. T. Jones,* for the state.

KANE, J. This is an original proceeding for writ of *habeas corpus* brought by James Stevenson to secure his release from custody on bail.

The petitioner urges two grounds on which he claims his right to the writ; the first being that after his indictment for a capital offense he applied to the honorable Hosea Townsend, who, at that time, was judge of the United States court for the

Southern district of the Indian Territory, for bail, and that said judge admitted the petitioner to bail in the sum of $5,000. The petition further alleges that, after the transition of said district court of the Southern district of the Indian Territory into the district court of the state of Oklahoma, the state court in said district refused to admit the petitioner to bail under the order issued by Judge Townsend. The second ground alleged in the petition is to the effect that the petitioner applied to the Honorable R. McMillan, Judge of the Fourteenth Judicial district of the state of Oklahoma, to be admitted to bail, and a hearing upon said application was had in the city of Norman, Cleveland county, on the 2nd day of January, 1908, when evidence was introduced on behalf of the petitioner and the state of Oklahoma; that, upon considering said testimony and evidence, the Honorable R. Mc-Millan, judge of the said court, "committed your petitioner to the common jail of Cleveland county, to be held upon said indictment without bail." The petition further alleges that said restraint is illegal, and that the petitioner is not guilty of the crime of murder, or any other crime, and that the proof of guilt is not evident, nor the presumption thereof great. The alleged order, as shown by a purported copy thereof attached to the petition, reads as follows:

"On. this 15th day of November, 1907, this cause comes on to be heard upon the application of the defendant for an allowance of bail herein, and after reading the petition, and being fully advised in the premises, the court is of the opinion that the presumption of the defendant's guilt is not great and that the defendant is entitled to bail herein. It is therefore ordered, adjudged, and decreed by the court that the United States marshal for the Southern district of the Indian Territory do forthwith release the defendant herein upon his executing bond as required by the law in the sum of five thousand dollars."

The contention of counsel for petitioner is that, "when a person charged with a capital offense has once been admitted to bail after indictment found, he shall not be subject to be again placed in custody for the same offense, except on surrender by his sureties,. whether the bail be granted on facts or on acount of ill

health. In other words, when bail is once granted after indictment found, it is beyond the power of the state to rearrest for the same offense; the right to bail being *res adjudicata.*" There is no allegation in the petition that the petitioner has ever presented a bail bond in the sum of $5,000, to the proper officer, and demanded his· release, but that informality probably could be overlooked if the petitioner could have established by competent evidence that a judgment or order granting bail had been duly and regularly rendered; thus properly presenting to this court the question of former adjudication. It was shown on the hearing of this application, by the certificate of C. T. Vernon, clerk of the state district court of Carter county, and the affidavit of W. S. Crockett, deputy clerk of the United States court for the Southern district of the Indian Territory, that no order granting bail was ever entered of record in the journal of either the United States court for the Southern district of the Indian Territory or the state district court of Carter County, Okla.

The necessity of entering judgments and the importance thereof is well stated in 1 Freeman on Judgments, 37:

"The promptings of the most ordinary prudence suggest that whatever in the affairs of men has been so involved in doubt and controversy as to require judicial investigation ought, when made certain by final determination, to be preserved so by some permanent and easily understood memorial. Hence all courts and all tribunals possessing judicial functions are required by the written or unwritten law, and often by both to reduce their decisions to writing in some book or record kept for that purpose. The requirement is believed to be of universal application."

Judge Freeman in the same section, discussing the effect of non-entry, says:

"While the entry is not the judgment, its absence tends strongly to indicate that no judgment exists."

In 1 Black on Judgments, § 106, the same rule is stated thus:

"The record entry of a judgment is indispensable to furnish the evidence of it, when it is made the basis of a claim or defense in another court."

The authorities uniformly hold that "the burden of proof

rests upon the party who alleges a former adjudication." (1 Van Fleet's Former Adjudication, § 274.) Franklin, C., in *Dunning et al. v. Seward,* 90 Ind. 63, discussing a question similar to the one involved here, says:

"The second specification of errors by Josiah and Mortimer Dunning was sustaining the demurrer to the third paragraph of their answer. This paragraph of the answer attempted to plead *res adjudicata."*

The syllabus of the above case, having relation to this particular point, holds that an answer averring a former division against the plaintiff, on a motion for the same relief in another case, and disclosing that there is no record of the decision, is bad on demurrer. The above case seems to be precisely in point herein, and supports the doctrine that where a person in custody alleges in his petition for a writ of *habeas corpus* in the Supreme Court that another court of competent jurisdiction has made an order granting him bail after indictment for a capital offense, and the evidence on the hearing shows that no such order was ever entered in the office of the clerk of the court alleged to have granted the same, there is a failure of proof on the part of the petition to establish the existence of such order, and his application for the writ should be denied.

In the record before us it would seem that the question of former adjudication was not raised in the application for writ of *habeas corpus* before Judge McMillan, but that the case was there presented upon the evidence, and Judge McMillan found against the petitioner. Under the common law administered in England, if one judge refused to discharge a prisoner on a writ of *habeas corpus,* he could apply to another, and so on, until he had taken the opinion of all the judges accessible. We do not want to be understood as adopting or rejecting the common-law rule or as passing upon the effect of the judgment of Judge McMillan as an estoppel to an original application for writ of *habeas corpus* before this court. It is true the same evidence that was presented to Judge McMillan is before us, as an exhibit to the petition, but still, "where a case had already been once heard upon

a *habeas corpus* and the prisoner has been remanded, another court will not always deem it expedient to grant another writ and hear the case again on the same evidence." (Church on Habeas Corpus, § 187.)

The writ of *habeas corpus* is denied, and the petitioner is remanded to the custody of the sheriff of Cleveland county, state of Oklahoma.

Williams, C. J., and Dunn, Hayes, and Turner, JJ., concur in the conclusion denying bail.