BEIDLEMAN v. FALLS et al.

No. 31363. April 3, 1945.

Rehearing Denied May 15, 1945.

*158 P. 2d 477.*

A. L. Emery and Robert R. Beidleman, both of Okmulgee, for plaintiff in error.

Harry D. Pitchford, of Okmulgee, for defendants in error.

DAVISON, J. This cause is presented on appeal from a judgment of the superior court of Okmulgee county finding a guardian's sale of real estate to be void and quieting title to the real estate in the former ward, Opal Beatrice Falls.

The action was commenced on August 27, 1941, by Opal Beatrice Falls and Maudina Falls, her mother, as plaintiffs, against George C. Beidleman, as defendant.

The record discloses that Beidleman purchased the land from Frank and Virginia Masoero. Frank Masoero had previously purchased the land at guardian's sale on February 8, 1936, and obtained a guardian's deed on February 11, 1936.

Defendant, as plaintiff in error, urges that plaintiffs' petition failed to state a cause of action and that his demurrer

to the same should have been sustained. Insofar as the petition undertook to state a cause of action in favor of Maudina Falls, much can be said in support of the position. However, the trial court did not undertake to render any judgment in favor of Maudina Falls. On the contrary, it completely ignored her existence in the judgment rendered. Maudina has not appealed and does not appear in this court.

The record reflects that on November 29, 1935, Louis Cortassa, guardian of Opal Beatrice Falls, filed in the county court of Okmulgee county her petition to sell the real estate involved, in which petition he asserted that his minor ward "had no funds on hand for her education, maintenance and support." He also asserted that the land was subject to a mortgage for the sum of $125 in favor of Frank Masoero, and to taxes in the sum of $300. The guardian also stated that in order to maintain, educate and support the minor ward a sale of the land, subject to the mortgage, was necessary. The record does not reflect, except by implication, that an order to sell the real estate was made. The appearance docket of the county court fails to reflect that such an order was noted and the then county judge who appeared as a witness before the trial court did not have any recollection of having made such an order, although he believed the order was made. However, on February 11, 1936, the county court made and entered its order confirming the sale of the land to Frank Masoero, for the sum of $300 "cash in hand." In the order of confirmation it was recited that an order of sale had been previously made.

The mortgage for the sum of $125 mentioned above was made by the guardian for the purpose of raising money to purchase a tract of land which had been previously sold for delinquent taxes against the real estate (a mortgage for the purpose of paying delinquent taxes on land, when made by a guardian, is void and is subject to collateral attack. Glover v. Warner, 135 Okla. 177, 274 P.

867; Cochran v. Norris, 175 Okla. 126, 51 P. 2d 736.)

In the trial of this action it was decided by the trial court that the sale was made for the primary purpose of paying the mortgage, and that the sale was therefore void. This conclusion of the trial court overlooks and ignores the fact that the sale, according to the petition to sell real estate, was for the purpose of providing funds to "maintain, educate and support" the minor ward. According to the petition to sell the land the payment of the mortgage was not contemplated. However, in connection with the sale the mortgage was in fact paid.

It is also doubtful that a mortgage by a guardian of a ward for the purpose of purchasing property can be authorized by the county court. Yawitz v. Hopkins, 70 Okla. 158, 174 P. 257. Thus the mortgage involved in this action was and is void.

We are therefore called upon to determine the validity of a guardian's sale of real estate made for two purposes, one legitimate and proper, the other unauthorized by statute; the first to provide funds for the maintenance, education and support of the minor, a legitimate and proper purpose; second, to provide funds for the payment of a mortgage known to be void and the invalidity of which was and is reflected upon the records of the county court in the guardianship proceeding. The question then is whether land sold at guardian's sale for two purposes, one good, the other bad, is a valid guardian's sale of such real property.

In the early case of Walker v. Goldsmith, 14 Ore. 125, 12 P. 537, the Supreme Court of Oregon was confronted with a problem comparable to the one presented in the case at bar. That court decided that "a petition for the sale, by a guardian, of a ward's estate, is sufficient to give the court jurisdiction if it states any cause that will authorize the sale, and is not impaired by the statement of causes for which the sale cannot be authorized."

414

In disposing of the point that court said:

"Counsel for the plaintiff has also argued with much ingenuity that the petition of the guardian for the sale of the property was insufficient to give the court jurisdiction to act in the particular case, for the reason that the petition is for the sale of the property to pay alleged debts. It is true, the petition mentions claims already accrued for the support of the children; but it then goes further, and alleges that they have no money, or other estate whatever, out of which to cancel such indebtedness for maintenance, or with which to provide for their future maintenance, etc.; and the future maintenance of said minors is elsewhere referred to in said petition as one of the reasons for making the sale. It is true that payment of the alleged debt is also referred to as reason for making the sale; but, in the present condition of this case before us, the only possible question that could arise on this part of the record is, did the petition for the sale state any cause which under the law would have authorized the court to make a sale? And we must say that it did. The petition showed there was no income from the estate, and that its sale was necessary to maintain said wards; thus bringing the case directly within the provisions of section 1, p. 738 General Laws, under which said proceedings were instituted. . . ."

In the case of Eaves v. Mullen, 25 Okla. 679, 107 P. 433, this court considered and passed upon the validity of a guardian's sale of real estate when collaterally attacked and held in substance that the jurisdiction of the court was "in rem" and that such a sale was immune from attack when collaterally assailed.

The doctrine of Eaves v. Mullen, supra, has been followed by this court many times throughout the years and is still the law of this state.

Under the decision of Walker v. Goldsmith, supra, and Eaves v. Mullen, supra, we are of the opinion and hold, that the guardian's sale involved in this action under the record before us was valid, and that it was and is immune from successful collateral assault.

Another question arises in connection with the failure of the records of the county court to reflect that an order of sale in the guardianship proceedings was in fact made and entered. We may assume without deciding that this absence of record is a vital deficiency in the proof. In the present case rather vague, but satisfactory, proof was offered by the county judge to the effect that the order of sale had been made. This testimony tending to show that an order of sale was in fact made should perhaps have been excluded if any proper objection to its probative force had been lodged, but no objection was made and the proof was admitted. There are some types of evidence which do not have any probative force even when the evidence is not objected to, but the evidence in the present record does not fall in that category. Ordinarily, the judge of a court knows when and if a judgment is entered, and in the absence of an objection under a rule excluding his testimony, probative force should be attached thereto. 20 Am. Jur. 1036, para. 1185.

We therefore conclude that the proof in the record before us was and is adequate to establish that an order of sale was in fact made and entered. It follows that Beidleman should prevail in this action, and this cause is therefore remanded to the trial court, with directions to enter judgment accordingly.

GIBSON, C.J., HURST, V.C.J., and OSBORN, CORN, and ARNOLD, JJ., concur. WELCH, J., dissents.