James R. SCHELL and Maryland National Insurance Company, a Maryland Corporation, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. David HALL, County Attorney of Tulsa County, Oklahoma, Defendant in Error.

No. 41532.

Supreme Court of Oklahoma.

Sept. 27, 1966.

Gordon L. Patten, Tulsa, for plaintiff in error.

Ted Flanagan, Asst. County Atty., Tulsa County, for defendant in error.

JACKSON, Vice Chief Justice.

This is an appeal from judgment for plaintiff and order overruling defendant's motion for new trial in an action upon a forfeited appearance bond brought by the County Attorney of Tulsa County, Oklahoma, against the principal and surety upon the bond. The defendant Schell was not served with summons and no judgment was taken against him. The defendant surety company (Maryland National Insurance Company) appeals.

The only proposition argued by the defendant Company in its brief on appeal is that plaintiff's proof was insufficient to establish the fact that the appearance bond had been forfeited. The burden was upon plaintiff to make such proof. Ramer v. State, Okl., 302 P.2d 139. In this connection, it is said in defendant's brief:

"The only evidence offered by Plaintiff to prove a forfeiture of the bond was the appearance docket of the Court Clerk (C–m 37), the Bond of the Defendants, and the Order of Forfeiture signed by Judge Cameron. There was reference made to the journal of the Court, Book 237, Page 526, but this was not introduced into evidence."

The gist of the argument is that the journal of the court, showing the entry of the order forfeiting appearance bond, *must* be formally introduced in evidence, and that this was not done. The only case cited on this point is Selby v. State ex rel. Amis, Okl., 302 P.2d 775.

In the Selby case the only evidence offered to establish the fact of forfeiture of the bond consisted of the minute entries of the clerk upon the appearance docket reciting the forfeiture. In reversing judgment for plaintiff, this court held that the burden was upon the plaintiff to establish that the bond had been forfeited and that proper entry thereof had been made in the journal of the court. We further held that the entries made by the clerk upon the appearance docket were not *alone* sufficient to establish the forfeiture. We did not hold that the journal *must* be introduced in evidence, or that there was no other way in which to prove that "proper entry" of the order forfeiting the bond had been made in the journal.

In the case now before us, plaintiff presented as a witness the clerk of the court. He identified the appearance bond and testified that it was signed by the principal and the surety. He identified the appearance docket and read the minute entry showing the forfeiture of the bond. He identified the official files in the criminal case and the order forfeiting appearance bond and testified that he recognized the signature of the judge on the order. He identified the journal of the court and testified that the order forfeiting appearance bond appeared on page 526 thereof. All of the above summarized testimony was received by the court without objection from the defendant. We particularly note that defendant made no objection, under the best evidence rule, to the clerk's testimony that the order forfeiting appearance bond had been entered in the journal. It is well settled that the fact that evidence which is introduced in a case may be, if objected to, incompetent evidence under some one or more exclusionary rules of evidence does not destroy its probative effect, if it is admitted without objection. Beidleman v. Falls, 195 Okl. 412, 158 P.2d 477, 158 A. L.R. 1435; Bauman v. International Harvester Co., 191 Okl. 392, 130 P.2d 287; 20. Am.Jur., Evidence, Sec. 1185; 32A C.J.S. Evidence, § 780. The record before us shows that the journal was physically present in the court and was actually being examined by the witness at the time he

testified that the order forfeiting the appearance bond had been entered therein.

◼ Since no objection was made to the clerk's testimony that the order forfeiting appearance bond had been entered in the journal of the court, such testimony was competent evidence on the question of whether "proper entry" of the order had been made in the journal.

◼ In an action of legal cognizance, where a jury is waived and the cause tried to the court, its judgment will not be disturbed on appeal, if there is competent evidence to support it. Drakos v. Edwards, Okl., 385 P.2d 459.

The judgment of the trial court is affirmed.