Floyd E. CUMBY and Maryland National
Insurance Company, Plain-
tiffs in Error,

v.

STATE of Oklahoma ex rel. Bob VINZANT,
County Attorney, Rogers County, Okla-
homa, Defendant in Error.

No. 42127.

Supreme Court of Oklahoma.

April 14, 1970.

Gordon L. Patten, Tulsa, for plaintiffs in error.

Bob J. Vinzant, County Atty., of Rogers County, Claremore, for defendant in error.

JACKSON, Justice.

This appeal arises out of an action wherein the State of Oklahoma, ex rel. Bob Vinzant, County Attorney of Rogers County, Oklahoma, sought recovery against Floyd E. Cumby and Maryland National Insurance Company upon three allegedly forfeited criminal appearance bonds. The trial court held that the appearance bonds had been forfeited and rendered judgment against Cumby, as principal, and against Maryland National as surety. From these judgments Cumby and Maryland National have appealed and in their brief present the following propositions:

"Plaintiff's proof is insufficient to prove a forfeiture of the bond to establish liability upon defendants."

"That there was never any proof of forfeiture of the bond."

In support of their propositions the defendants, Cumby and Maryland National invite our attention to Ramer v. State ex rel. Ward (1956), Okl., 302 P.2d 139, and Selby v. State ex rel. Amis (1956), Okl., 302 P.2d 775. In Ramer we held that a general denial filed in response to an action to recover judgment on a criminal appearance bond puts in issue the question of whether the bond has been forfeited.

In the Selby case the only evidence offered (for recovery on the bond) to establish the forfeiture of the bond "was the appearance docket reflecting the entries made by the clerk of the court" in the criminal case. The appearance docket reflected that the appearance bond had been forfeited and a bench warrant had been issued. In the first paragraph of our syllabus in that case we held that where forfeiture is denied the burden is upon plaintiff to establish by competent evidence that a forfeiture was ordered "and proper entry thereof made in the journal of the court." In the second paragraph of the syllabus therein

we held that entries made by the court clerk in the appearance docket in the criminal case "are not alone sufficient to establish that bail bond has been forfeited."

In the instant case a deputy court clerk testified that her records reflected orders signed by the judge forfeiting the bonds. Plaintiff's counsel inquired "could you get the order of forfeiture that was signed by the Judge?" "A. The order of forfeiture is in the jacket. Now I don't have any minute forfeiting the bond on October 19, and bench warrant was ordered issued again on October 19th when defendant failed to appear. In case number 2553, and 2554 and 2555, there was a journal entry filed on October 20th, 1964, dated October 19th, 1964, and signed by the District Judge and the last paragraph of it reads that, it is therefore ordered, adjudged and decreed by the Court that the bond be and is hereby forfeited and bench warrant issued for defendant's arrest."

This witness further testified that her records reflected that a motion to set aside the forfeitures was filed on October 27, 1964, and that an order overruling the motion was filed on November 20, 1964.

All of the foregoing testimony was admitted without objection and without any suggestion that this testimony was not admissible under the best evidence rule.

In Schell v. State ex rel. Hall (1966), Okl., 418 P.2d 690, the contention was made that the order forfeiting the appearance bond must be entered in the journal and that the entry in the journal must be formally introduced in evidence, citing the Selby case in support of the contention. In discussing our holding in the Selby case we said:

"* * * We did not hold that the journal *must* be introduced in evidence, or that there was no other way in which to prove that 'proper entry' of the order forfeiting the bond had been made in the journal."

"* * * He (the clerk) identified the official files in the criminal case and the order forfeiting appearance bond and tes-

tified that he recognized the signature of the judge on the order. He identified the journal of the court and testified that the order forfeiting appearance bond appeared on page 526 thereof. All of the above summarized testimony was received by the court without objection from the defendant. We particularly note that defendant made no objection, under the best evidence rule, to the clerk's testimony that the order forfeiting appearance bond had been entered in the journal."

In the instant case there is evidence that the judge signed orders forfeiting the bonds. We reach the conclusion that the deputy court clerk was reading from the signed order forfeiting when she testified "the last paragraph of it reads * * *."

This presents the question of whether the order forfeiting, signed by the judge and appearing in the "jacket" or files of the clerk, is admissible and acceptable evidence of forfeiture. And if so, whether oral testimony relating to the contents of the order is admissible and probative where no objection is made to this method of proof.

In the tenth paragraph of the court's syllabus in Scott v. State (1947), 85 Okl. Cr. 213, 186 P.2d 336, it was held:

"The original judgment and sentence and original information are admissible as evidence to help establish prior conviction of accused and is not subject to the objection that they are not the best evidence because they had been permanently recorded in a journal of the court. 12 O.S.1941 § 502." See also Carr v. State (1950), 91 Okl.Cr. 94, 216 P.2d 333, 340.

In Illinois Bankers' Life Ass'n v. Davaney (1924), 102 Okl. 302, 226 P. 101, we held in the second paragraph of the syllabus:

"That the case-made does not affirmatively show that the judgment appealed from had been entered in the journal of the court is not sufficient ground for dismissal of appeal, where, as in this case, the record contains a copy of the journal entry of the judgment agreed to by the attorneys of the parties and the case-made is duly certified by the judge who tried the case as true and correct."

In Moroney v. Tannehill (1923), 90 Okl. 224, 215 P. 938, we held that the functions of the clerk of the court are purely ministerial and that his only function was to enter upon tthe judgment docket that which the judge had declared.

In Beidleman v. Falls (1945), 195 Okl. 412, 158 P.2d 447, 158 A.L.R. 1435, we held that where a county judge was permitted to testify without objection that his best recollection was that "such an order was in fact made" that his testimony was probative. Other cases supporting that view are cited in Schell v. State, supra.

We are aware of decisions of this court which have held that a judgment rendered by the court but not entered in the journal is valid as between the parties, but if it is to be the basis for a claim in another action the "record entry of the judgment itself must be introduced in evidence." Cockrell v. Schmitt (1908) 20 Okl. 213, 94 P. 521. In that case the court quoted Wilson's Rev. & Ann.St.Okl.1903, § 4603 (12 O.S. 1961, Sec. 701), which provides: "All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action." We also quoted from Black on Judgments, p. 115, and 1 Greenleaf on Evidence, Par. 508, which appear to support the conclusion reached. See also Ex parte Stevenson (1908), 20 Okl. 549, 94 P. 1071, to the same effect. However, it does not appear from those decisions that our attention was invited to the provisions of Sections 4906 and 4575, St.1903 (12 O.S.1961, Secs. 29 and 502). Under Section 29 the clerk is required to file and carefully preserve in his office all papers delivered to him for that purpose in every action or special proceeding. Section 502 provides in pertinent part:

"The * * * records required by law to be kept by any * * * clerk of the district court * * * may be received in evidence in any court; and when any

such record is of a paper, document, or instrument authorized to be recorded, and the original thereof is not in the possession or under the control of the party desiring to use the same, such record shall have the same effect as the original * * *."

Section 502 obviously provides that a judgment or order of the court, signed by the judge and contained in the clerk's files, is competent and probative evidence of the decision or order of the court. Section 701, supra, pertains to the duties of the clerk and not to the admissibility of his records as evidence.

The Cockrell decision, and other decisions, insofar as they hold that a judgment signed by the Judge and contained in the files of the clerk, but not entered on the journal as required by 12 O.S.1961, Sec. 701, cannot be admitted as evidence is hereby specifically overruled. It should be noted in this connection that we are discussing the clerk's Journal (12 O.S.1961, Secs. 22, 24, and 701) and not his Judgment Docket (12 O.S.1961, Secs. 22, 25, and 904).

The judgment of the trial court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES and LAVENDER, JJ., concur.