George **TROUTMAN** and Maryland National Insurance Company, Plaintiffs In Error,

v.

**STATE** of Oklahoma ex rel. Bob **VINZANT,** County Attorney, Rogers County, Oklahoma, Defendant in Error.

No. 42126.

Supreme Court of Oklahoma.

July 14, 1970.

Gordon L. Patten, Tulsa, for plaintiffs in error.

Bob J. Vinzant, County Atty., Claremore, for defendant in error.

HODGES, Justice.

This is an appeal from a judgment in favor of plaintiff ordering payment of $2500 on forfeiture of an appearance bond in an action brought by the County Attorney of Rogers County, Oklahoma, against the principal and surety upon bond.

The assignments of error by the defendants below are: (1) insufficient evidence to support a bond forfeiture, (2) there has not been a bond forfeiture, and (3) district court had no right to forfeit bond as defendant Troutman was never arraigned in District Court.

Our discussion of the first proposition dispenses with any need for discussion of the second proposition.

The cases of Ramer v. State of Oklahoma ex rel. Ward, Okl., 302 P.2d 139, and Selby v. State ex rel. Amis, County Attorney of Lincoln Couny, Okl., 302 P.2d 775, are cited by defendants for the proposition that the evidence is insufficient to support a bond forfeiture. Ramer states that the burden of proof is upon the plaintiff to prove a bond forfeiture, and the Selby case states minute entries by the Clerk upon the appearance docket reciting the forfeiture alone is insufficient evidence to support forfeiture.

The evidence of bond forfeiture in the instant case consisted of judicial notice of the bond without objection and the testimony of the deputy court clerk. Summarizing, the clerk testified that in case No. 2563 the records show the defendant Troutman was charged with possession of burglary tools after a former conviction, and a motion for additional time to appear for arraignment was filed and set for September 9, 1964; that on September 9, 1964, the County Attorney appeared along with defendant Troutman's attorney who was given leave to withdraw by the court and the defendant was called three times in open court and appeared not. The clerk further testified a bench warrant was issued and the bond was ordered forfeited to the State of Oklahoma. The clerk also testified that an order signed by the district judge forfeiting the bond was filed in the court clerk's office on October 14, 1964. A portion of this order was read

by the clerk. Upon this point the case made reflects the following:

"Q. The record does reflect that the bond was ordered forfeited, is that correct.

"A. That's right.

"Q. And who made that order please.

"A. Judge Adams.

"Q. Is there an order signed by the Judge to that effect.

"A. Yes. It was filed in this office October 14, 1964 and the last paragraph of the order says, It is therefore ordered, adjudged and decreed by the Court that the bond be and is hereby forfeited and bench warrant ordered issued for defendant's arrest.

"Q. Now, was there a motion filed to set aside the bond forfeiture.

"A. Yes.

"Q. Was this motion overruled.

"A. Let's see. The motion to set aside bond forfeiture was filed October 5, 1964 and on December 9th, 1964 minute entered motion to set aside bond forfeiture overruled."

No objection to any of the above testimony was interposed.

■ In the case of Schell v. State ex rel. Hall, Okl., 418 P.2d 690, this court indicated that if no timely objection is made to the court clerk testifying as to what is contained in court records it will be received and the probative effect is not thereby destroyed. As defendants did not object under the best evidence rule they cannot on appeal raise the question of probative value of the evidence. These rules were recently reaffirmed by this court in the case of Cumby et al. v. State ex rel. Vinzant, Okl., 468 P.2d 490.

Defendants assert that the instant case is identical with the facts of Selby case which is controlling. With this observation we do not agree. The Selby case indicated that if minute entries on the appearance docket are the only evidence supporting a bond forfeiture the evidence of the order of the district judge by the testimony of the court clerk that an order of forfeiture was made by the court which was on file in the office of the clerk. Furthermore, a portion of the order was read by the clerk. In the Schell case we stated in commenting on the Selby case, "We further held that the entries made by the clerk upon the appearance docket were not alone sufficient to establish the forfeiture." We did not hold that the journal entry must be introduced in evidence, or that there was no other way in which to prove that "proper entry" of the order forfeiting the bond had been made in the journal.

■ While it would have been a better procedure to introduce into evidence the journal entry of the order or judgment forfeiting the appearance bond, we do not find the evidence insufficient to prove a forfeiture of the bond to establish liability upon the defendant.

■ The other assignment of error pertains to the right or jurisdiction of the district court to order a forfeiture of a bond since the defendant Troutman was never arraigned in the district court, and the bond was set by a Justice of Peace. The bond is denominated as a "Continuing Appearance and Supersedas Bond (Felony)" and requires the appearance of the defendant Troutman to any hearing or trial as ordered. It was styled "IN THE COURTS OF ROGERS COUNTY, STATE OF OKLAHOMA." The bond also specifically assures and guarantees the personal appearance of the defendant for arraignment in the trial court. For these reasons we find no merit in defendant's proposition. It was the defendant's failure to appear at his arraignment in the trial court of Rogers County, that precipitated the bond forfeiture proceedings in the present case.

Judgment affirmed.

All Justices concur.